IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GARY McCRAY**

    Plaintiff,

v.                                          Civil Action No.: 3:16cv588

**BARRY L. NEELY**

And

**MILAN SUPPLY CHAIN SOLUTIONS, INC.**

    Defendants.

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff, Gary McCray ("McCray"), by counsel, submits this memorandum of law in support of his Motions In Limine:

### INTRODUCTION

This case arises out of an accident on June 5, 2014 between two tractor-trailers. Plaintiff required medical care for his injuries from the accident and he missed time from work. He received workmen's compensation benefits for his lost wages and for his medical expenses. Defendants have admitted liability for causing the accident and the only issue remaining to be tried is the amount of Plaintiff's damages. On October 12, 2016, Defendants took the deposition of Plaintiff. Defendants questioned Plaintiff as to when he first retained counsel concerning his accident. Plaintiff was unable to remember when he hired an attorney. Exhibit 1.

Defendants identified Kennedy S. Daniels, M.D. as an expert in their Rule 26(a)(2) Expert Disclosures on November 8, 2016. Exhibit 2. Plaintiff's counsel agreed that Defendants could provide a supplement to their disclosure concerning Dr. Daniels' fees and his deposition and trial testimony by

November 14, 2016. On November 14, 2016, Defendants provided their First Supplemental Rule 26(a)(2) Expert Disclosures, attaching a generic fee schedule for Dr. Daniels. Exhibit 3. Defendants did not provide a supplement concerning the deposition and trial testimony of Dr. Daniels.

**ARGUMENT**

**A. Dr. Kennedy S. Daniels should be excluded as a witness because Defendants failed to comply with the requirements of Rule 26(a)(2).**

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires that the disclosure of the identity of an expert witness must be accompanied by a written report and that "the report must contain… (iv) the witness' qualifications… ; (and) (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." F.R.C.P. Rule 26. Defendants did not comply with either of these requirements.

The only qualification of Dr. Daniels set forth in Defendants' Expert Disclosure is that "Dr. Daniels is a licensed medical doctor…" *See* Exhibit 2. Even the state in which Dr. Daniels is licensed is not set forth in the designation. Defendants also assert that Dr. Daniels is also an expert in the field of orthopedics, but no qualifications in that regard are provided other than the bald assertion. Defendants state in their Expert Designation that "Dr. Daniels will base his opinions on his education, experience training…." Exhibit 2. However, no information concerning the same is provided. The complete failure of Defendants to provide any information concerning the education, training and experience of Dr. Daniels requires exclusion of his opinion testimony.

Defendants have also failed to provide the required list of cases in

which Dr. Daniels has testified, either at trial or by deposition. Defendants represented that such a list would be provided by November 14, 2016. Exhibit 2. Defendants did not provide a list on that date and have not provided any list of Dr. Daniels prior testimony through the present date. Exhibit 3. After investigation, Plaintiff believes that Dr. Daniels has testified as an expert in the past four years. However, the failure of Defendants to provide the required disclosure has handicapped plaintiff in his preparation for trial. Further, Plaintiff should not have to conduct an investigation into matters that should have been disclosed as required. These failures to comply with the mandatory disclosure provisions of Rule 26 require the exclusion of Dr. Daniels as an expert witness. *See Salgado v General Motors Corporation*, 150 F.3d 735, 742 (7th Cir. 1998)(The sanction of exclusion of expert testimony for violation of Rule 26 is automatic and mandatory unless the sanctioned party can show that its violation was either harmless or justified).

**B. Alternatively, the testimony of Dr. Kennedy S. Daniels should be limited.**

If Dr. Daniels is not excluded as an expert witness, his testimony should be limited in several particulars. First, Dr. Daniels should not be permitted to offer any opinions concerning Plaintiff's alleged symptom magnification. In his written report, Dr. Daniels lists as his opinion number 6 that "(h)is stagnant symptoms suggest a nonorganic source of pain." His opinion number 8 is that "(h)e stated in his deposition that he was thrown out of his seat while wearing his seatbelt and later recanted." Both of these opinions are opinion testimony concerning the truthfulness of the Plaintiff and such opinions invade the province of the jury to determine the truthfulness of a witness on the stand. This type of evidence, that Plaintiff

is untruthful and is magnifying his symptoms, is inadmissible under Federal Rule of Evidence 702 as it goes beyond the scope of proper expert testimony and allows the expert to comment on the Plaintiff's reliability in the guise of medical opinion. In *Nichols v. American National Insurance Company*, 154 F.3d 875, 883 (8th Cir. 1998), the Court rejected similar testimony holding that "(o)pinions of this type create a serious danger of confusing or misleading the jury, *see* Fed.R.Evid. 402, causing it to substitute the expert's credibility assessment for its own common sense determination. (citation omitted) Dr. Pribor was allowed to comment on Nichol's reliability in the guise of a medical opinion. (citation omitted) and this impressively qualified expert's stamp of untruthfulness on Nichol's story went beyond the scope of proper expert testimony. *United States v Azure*, 801 F.2d 226, 340 (8th Cir. 1996)." Accordingly, Dr. Daniels should not be allowed to offer these opinions that concern the Plaintiff's truthfulness or alleged lack thereof. Such a credibility determination is not the role of a medical doctor, it is the role of the jury.

**C. Any reference to Plaintiff's receipt of collateral source benefits, including workmen's compensation payments.**

Plaintiff received workmen's compensation benefits after his injury. Plaintiff seeks to preclude Defendants from mentioning or introducing any evidence of Plaintiff's receipt of such benefits as the same constitute a collateral source. In *Eichel v. New York Central Ry.*, 375 U.S. 253, 254 (1963), the Court held that the collateral source rule operated as a complete bar to the introduction of evidence of a railroad employee's disability pension. The underlying rational is that a jury will misuse the evidence. In essence, the Court engaged in the balancing test set forth in Federal Rule of Evidence 403 in concluding that any probative value of such evidence is

outweighed by the potential for prejudice.

The Virginia Supreme Court follows the "collateral source" rule, which excludes reference to the receipt of collateral source benefits in a personal injury action. *See, e.g., Walthew v. Davis, Adm'r* 201 Va. 557, 563 (1960) (it is well settled that damages recovered for personal injury or death caused by the negligence of another cannot be reduced by reason of the fact that the injured party or his estate has been partly compensated for the loss by the proceeds of an insurance policy. The reason for the rule is that one who by his negligence has injured another owes to the latter full compensation for the injury inflicted by him, and payment for such injury from a collateral source in no way relieves the wrongdoer of his obligation.); *Owen v. Dixon & Savage*, 162 Va. 601, 609-610 (1934) (restating the collateral source doctrine, and reversing for new trial due to violation of the rule, irrespective of verdict for defendant at trial).

Plaintiff respectfully requests that Defendants be precluded from mentioning or introducing any evidence concerning Plaintiff's receipt of workmen's compensation benefits.

**D. Any reference to the date that Plaintiff retained counsel concerning his injury.**

Defense counsel should not be permitted to interrogate plaintiff as to when he first considered retaining, or did retain, counsel to represent him in this matter, and any particulars surrounding the retention of counsel. In their deposition of Plaintiff, Defendants asked Plaintiff if he hired an attorney within the first three months after the accident. Exhibit 1. Although Plaintiff was unable to recall when he first consulted an attorney, any inquiry concerning the date of retention of counsel is improper. As one court has observed: "Accessing the legal system is normally not to be discouraged and, exercising one's right to utilize the legal system within established rules and procedures should normally not to be used to attempt to discredit a litigant with a jury. *Carlyle v. Lai*, 783 S.W.2d 925, 929 (Mo.App. 1989). Indeed, the *Carlyle* court emphasized that "the right to seek advice of counsel is so fundamental" that absent a justification and supporting evidence, "counsel risk reversal when attempting to discredit a litigant by cross-examining him about the time and circumstances of his having consulted an attorney to discuss and exercise his legal rights." Id.

In a similar vein, Texas courts have criticized interrogation as to when a plaintiff first considered filing suit, as well as contacting counsel: "In the case at bar Mrs. Vandergriff, one of the plaintiffs, was being interrogated on cross-examination by appellants' counsel with reference to the question as to when she first thought about filing this lawsuit; that question was wholly immaterial and irrelevant as to the cause of the injury, as to the liability, and as to the amount of damages." *Travis v. Vandergriff*, 384 S.W.2d 936,938 (Tex.Civ.App. 1964, writ ref'd, n.r.e).

"Moreover, it is not proper to show in evidence that a personal injury

litigant is 'claims minded' in an effort to attack his credibility." *Martinez v. Williams*, 312 S.W.2d 742, 752 (Tex. App.- Houston, 1958, no writ history); *Foremost Promotions, Inc. v. Pabst Brewing Co.*, 15 F.R.D. 128, 130 (N.D.Ill.1953) (common law and Sherman Act action in which court observed that ". . . it is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the substance of the claim . . . ."). Wherefore, Plaintiff respectfully requests that Defendants not be permitted to interrogate Plaintiff as to when he first considered retaining counsel.

## CONCLUSION

Plaintiff respectfully requests that his Motions In Limine be granted.

GARY McCRAY

By: _____/s/_____

Francis P. Hajek, Esq. (VSB No. 23637)
WILSON & HAJEK, LLC
P.O. Box 206
Ivy, VA 22945
Telephone: (434) 202-8181
Fhajek@winjurylaw.com

Counsel for Plaintiff

### Certificate of Service

I hereby certify that on January 5, 2017, I will electronically file the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of the filing to the following:

> Matthew Green, Esq. (VSB No. 46913)
> mgreen@sandsanderson.com
> Sands Anderson
> P.O. Box 1998
> Richmond, VA 23218-1998
> Telephone: (804) 648-1636
> Facsimile: (804) 783-7291
> Counsel for Defendants

_____/s/_____

Francis P. Hajek, Esq. (VSB No. 23637)
WILSON & HAJEK, LLC
P.O. Box 206
Ivy, VA 22945
Telephone: (434) 202-8181
Fhajek@winjurylaw.com