IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY MCCRAY,
    Plaintiff,

v.                                          Civil Action No. 3:16CV588 (RCY)

BARRY L. NEELY & MILAN SUPPLY
CHAIN SOLUTIONS, INC.,
    Defendants.

## MEMORANDUM ORDER

This matter is before the Court on Plaintiff's Motion in Limine (ECF No. 31), Plaintiff's Motion to Withdraw Plaintiff's Motion in Limine Numbers One and Two ("Plaintiff's Motion to Withdraw") (ECF No. 38), Defendants' Motion in Limine (ECF No. 29), and Defendants' subsequent Motion to Withdraw Defendants' Motion in Limine Number One ("Defendants' Motion to Withdraw") (ECF No. 41). Based on the briefing schedule assigned in the Court's Order Expediting Briefing (ECF No. 40), the motions are now ripe for review.

## RELEVANT PROCEDURAL HISTORY

Defendants filed their Motion in Limine on January 4, 2017, and Plaintiff filed his Motion in Limine on January 5, 2017. On January 9, 2017, Plaintiff filed Plaintiff's Motion to Withdraw, which sought to withdraw the Motion in Limine only with regard to the evidence numbered One and Two; Plaintiff maintained the Motion with regard to evidence Number Three. (Pl.'s Mot. Withdraw, ECF No. 38, at 1.) On January 11, 2017, the Court issued an Order expediting briefing on these three Motions (ECF No. 40). Defendants filed Defendants' Motion to Withdraw on January 12, 2017, and filed their Memorandum in Opposition to Plaintiff's

Motion in Limine D[1] ("Memorandum in Opposition") (ECF No. 47) on January 13, 2017. On January 18, 2016, Plaintiff filed his Reply to Defendants' Memorandum in Opposition (ECF No. 52). On January 23, 2017, the Court held a final pretrial conference and took argument on Plaintiff's Motion in Limine, among other issues.

## ANALYSIS

For the reasons stated below, the Court finds that Plaintiff's Motion to Withdraw is unopposed, that Defendant's Motion in Limine and Motion to Withdraw are both moot, and that the sole substantive issue remaining for the Court to address is Number Three of Plaintiff's Motion in Limine.

### A. Plaintiff's Motion to Withdraw

According to the Court's Order Expediting Briefing, Defendants were to file any responsive brief to Plaintiff's Motion to Withdraw on or before January 13, 2017. This deadline having passed without Defendants filing a response, the Court finds that Plaintiff's Motion is unopposed. Accordingly, the Court GRANTS Plaintiff's Motion to Withdraw (ECF No. 38) and ORDERS that Numbers One and Two of Plaintiff's Motion in Limine (ECF No. 31) are hereby WITHDRAWN. Plaintiff's Motion in Limine survives with regard to evidence Number Three, which the Court will address, *infra*.

### B. Defendants' Motion to Withdraw

Defendants' Memorandum in Support of their Motion to Withdraw asserts that the parties have conferred and have agreed to stipulate to facts in a manner that resolves Defendants' Motion in Limine. (Defs.' Mem. Supp. Defs.' Mot. Withdraw, ECF No. 42, at 1–2.) While

---

[1] Plaintiff's Motion in Limine (ECF No. 38) sought to exclude three pieces of evidence and listed them as Nos. 1–3. Plaintiff presented his argument supporting exclusion of evidence No. 3 in Part D of his Memorandum in Support of the Motion in Limine (ECF No. 39), which is presumably where Defendant has drawn the label for its Memorandum in Opposition. However, for purposes of coherence, the Court will apply the language of Plaintiff's motions and continue to refer to this issue as Number Three of Plaintiff's Motion in Limine.

Plaintiff has not filed any response to Defendants' Motion to Withdraw, the parties have submitted a joint Stipulation of Uncontroverted Facts (ECF No. 43) which appears to cover the facts and issues implicated by Defendants' Motion in Limine. In light of this Stipulation, the Court hereby DENIES both Defendants' Motion in Limine (ECF No. 29) and Defendants' subsequent Motion to Withdraw (ECF No. 41) as MOOT.

C. **Plaintiff's Motion in Limine**

Having disposed of Plaintiff's Motion in Limine Numbers One and Two, the sole issue remaining from Plaintiff's Motion is Number Three: whether the Court should exclude "any reference to the date that Plaintiff retained counsel concerning his injury." (Pl.'s Mot. Lim., ECF No. 31, at 1.) Plaintiff raises multiple arguments to support exclusion of this evidence. First, Plaintiff argues that such evidence is irrelevant to the merit of his claim. (Pl.'s Mem. Supp. Pl.'s Mot. Lim. ("Pl.'s Mem. Supp."), ECF No. 39 at 6.) Plaintiff alternately argues that, to the extent such information is relevant, it is more prejudicial than probative, because Plaintiff would not be able to effectively rebut any inferences raised by the evidence without either disclosing communications protected by the attorney-client privilege or waiving the privilege. (Pl.'s Reply Mem. Supp. Pl.'s Mot. Lim. D ("Pl.'s Reply"), ECF No. 52, at 2.) Next, Plaintiff argues that Defendant should not be permitted to use Plaintiff's exercise of his "constitutional right to seek redress in a court of law" to discredit him with the jury. (*Id.* at 3.) Finally, Plaintiff argues that permitting inquiry into the issue would open the door to an irrelevant, collateral sideshow that could confuse and mislead the jury. (*Id.*)

Defendant contends that the information Plaintiff seeks to protect is relevant and therefore admissible because, to the extent that it might "suggest a motive in seeking medical care other than medical treatment for legitimate injuries," it renders less probable the contested fact that Plaintiff was injured "to the extent alleged." (Defs.' Mem. Opp., ECF No. 47, at 2

(*citing* Fed. R. Evid. 401, 402).) Defendant further argues that the evidence constitutes merely "background information" about the attorney-client relationship, and therefore it is not privileged or protected.

As an initial matter, the Court would like to point out that Plaintiff did not attempt to argue that the date Plaintiff retained counsel is information that is protected by the attorney-client privilege. Accordingly, the Court will treat the contested evidence as unprivileged and not address Defendants' argument on that point further. Rather, the Court will determine the admissibility of the evidence on the basis of Federal Rules of Evidence 401, 402, and 403.

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 402 establishes that relevant evidence is generally admissible, except as otherwise provided in the Federal Rules of Evidence, the United States Constitution, a federal statute, or other rules prescribed by the United States Supreme Court. Fed. R. Evid. 402. Rule 402 explicitly states that irrelevant evidence is not admissible. *Id.* Therefore, in determining admissibility the Court must first decide whether the date on which Plaintiff first retained counsel is relevant to the present action.

This case stems from an accident between two tractor-trailers. (Compl. 1-1 at 2; McNeely Depo, ECF No. 54-1, at 9:11–14). Defendant has stipulated liability, and so the case proceeds to trial only on the issue of damages. (Order of Dec. 27, 2016, ECF No. 27.) In this context, a "fact of consequence" in the meaning of Federal Rule of Evidence 401 would be any fact pertaining to Plaintiff's damages stemming from the accident. A "relevant" fact pursuant to Rule 401 would therefore be any fact that makes it more or less probable that Plaintiff was injured, or injured to the extent he claims.

As stated above, Defendant asserts that the date Plaintiff retained counsel is relevant

because it may shed light on Plaintiff's "motive" for seeking medical attention. (Defs.' Mem. Opp. at 2.) In other words, Defendants are hoping that if Plaintiff retained counsel before seeking medical attention, it will allow them to raise the inference that Plaintiff sought medical attention as part of a litigation strategy, rather than out of genuine medical need, and therefore it is less likely that Plaintiff was injured to the extent he claims in this action.

Plaintiff contends that the information is not relevant to the existence or severity of his injuries, and cites cases from Texas and Illinois in support of his position. However, Plaintiff does not provide any controlling precedent to support his position, nor does he engage with the facts of his cited cases to establish that what was irrelevant in those circumstances is also irrelevant in this case. Accordingly, for the purposes of this analysis only, the Court finds that Defendants have shown that the date Plaintiff retained counsel concerning his injury is relevant.

Relevance is not the end of the analysis, however. As stated in Federal Rule of Evidence 402, relevant evidence is admissible unless another Federal Rule of Evidence[2] provides otherwise. Fed. R. Evid. 402. Plaintiff argues that Federal Rule of Evidence 403 should be applied in this case to exclude the evidence of when he retained counsel, because the evidence is substantially more prejudicial and misleading than probative. Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Defendants did not address Rule 403 in their Memorandum in Opposition or during oral argument at the final pretrial conference.

In this case, the Court finds that evidence of the date Plaintiff retained counsel is indeed substantially outweighed by the danger of unfair prejudice, confusion for the jury, and the

---

[2] or other listed source

5

needless presentation of cumulative evidence. Allowing Defendants to speculate before a jury about the date Plaintiff retained counsel and how that might affect his "motives" for seeking medical attention is prejudicial because, as Plaintiff argues, Plaintiff would be forced to divulge the subject of his communications with his attorney in order to rebut Defendants' inference, communications that would otherwise be protected by the attorney-client privilege. (Pl.'s Reply, ECF No. 52, at 2–3.) The Court agrees with Plaintiff that this would frustrate the purpose of the attorney-client privilege, while also creating suspicion among the jury "that there is something wrong with exercising the constitutional right to seek redress in a court of law." (*Id.*) Moreover, the Court finds that Defendants' attenuated theory of relevance is more likely to distract and confuse a jury than to add anything of merit to Defendants' case. Finally, the Court finds that the probative value of this evidence, if any, would be unnecessarily cumulative in light of other possible evidence Defendants could put forward to dispute Plaintiff's damages.

Based on the foregoing, the Court finds that the combined dangers of prejudice, confusion, and needlessly cumulative evidence substantially outweigh the potential probative value of evidence regarding the date Plaintiff retained counsel concerning his injury. Therefore, pursuant to Rule 403 of the Federal Rules of Evidence, the Court GRANTS Plaintiff's Motion in Limine (ECF No. 31) with regard to evidence Number Three.

Let the Clerk file this order electronically and notify all counsel accordingly.

It is so ORDERED.

/s/
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: January 23, 2017